## STATE *v.* RAILWAY COMPANY.

Decided June 30, 1891.

*Highway—Obstruction by railway—Limitation.*

> In a suit to recover from a railway company the statutory penalty for failure to construct a suitable crossing of its track at a public highway, possession of the right of way for seven years is not a bar where it is such only as is ordinarily taken by railways for the purpose of enabling them to construct their tracks and operate their trains thereon.

APPEAL from *Craighead* Circuit Court, Jonesboro District.

JAMES E. RIDDICK, Judge.

Action by the prosecuting attorney in the name of the State for the use of Craighead county against the Kansas City, Fort Scott and Memphis Railway Company to recover the statutory penalty and damages for failure to construct a suitable crossing of a public highway. The facts are stated in the opinion.

*J. D. Block* and *J. C. Hawthorne* for appellant.

1.   There was no adverse holding by the appellee. The railroad did not claim to own the land, or attempt to prevent the public from passing. The possession of the cut, and using it as railroads usually do, do not establish a *quo animo.* 34 Iowa, 150.

2.   There is no showing of an abandonment. 47 Ark., 431. A mere non-user is not sufficient, unless accompanied by acts showing an intention of abandonment. 4 C. E. Green (N. J.), 142; 5 N. E. Rep., 306, and note.

3. The act (Acts 1887, p. 99, sec. 1) is retroactive, and applies to railroads constructed prior to its passage. 23 Am. & E. R. Cases; 32 *id.*, 271; 24 N. Y., 345. The statute did not commence to run until the passage of the act and the service of the notice. Wood on Lim., 254. See further 25 Barb., 138; 52 N. Y., 510; 23 O. S., 510; 1 A. & E. R. Cases, 20.

*Wallace Pratt* and *Olden & Orr* for appellee.

The appellant is barred by the seven years' statute. 47 Ark., 431; 50 *id.*, 53; 47 *id.*, 66; 16 Wend., 535; 3 Mass., 275; 11 Mass., 396; 51 Ark., 271, 255.

HUGHES, J. This action was brought by the appellant to recover of the appellee damages for obstructing a public highway in Craighead county, by the making of a cut in the county road in August, 1882, by the railway, about fifty feet in width and about twenty feet deep, where the railway crossed said public highway. The railway track was laid in March, 1883, and the public could not pass over the road where it crossed the railway after the cut was made, but passed around it and crossed the railway track about 200 yards from it. The county road was not vacated, nor was another opened by order of the county court, but the overseer of the road continued to work it on both sides of and up to the railway cut. On the 16th of July, 1889, the overseer of the county road notified the railway company in writing, through the section foreman in charge of the railway at that point, to construct, within sixty days from that date, a bridge across said railway, or to construct and maintain a crossing over the same, at the point where the public road crossed it, of the character required by law, which said company neglected and refused to do. The railway company answered the complaint, and relied upon the seven years' statute of limitation.

This suit was brought on the 14th day of November, 1889, more than seven years after the cut was made by the rail-

way company, under the act of the legislature passed in 1887 (Acts of 1887, p. 99, sec. 1), which provides:

"That wherever any railroad corporation has constructed or shall hereafter construct a railroad across any public road or highway of this State, now established or hereafter to be established, such railroad corporation shall be required to so construct such railroad crossing, or so alter the road-bed of such public road or highway, that the approaches to the railroad bed, on either side, shall be made and kept at no greater elevation or depression than one perpendicular foot for every five feet of horizontal distance, such elevation or depression being caused by reason of the construction of said railroad; *Provided,* That wherever there may be a cut of sufficient depth in the road bed of any railroad at the crossing of any public road or highway, such railroad may be crossed by a good and safe bridge, to be maintained in good repair by the railroad company or corporation owning or operating such railroad."

The jury found for the railway company; a motion for a new trial was overruled, and the cause was brought to this court by appeal. Was the action barred by the seven years' statute of limitation?

When limitation does not run in favor of railroad obstructing highway.

There is no evidence in the case to show that the railway company had any other possession of the public highway than such as is ordinarily taken by railways for the purpose of enabling them to construct their tracks and operate their trains thereon. It does not appear that the possession by the railway company was taken or maintained in hostility to the rights of the public, or with the intention of excluding the public from the use of the highway over the cut made by the company. The railway company does not claim ownership of the soil at that point. The public was prevented from using the highway at that point only by the physical obstruction caused by the cut, which was made by the railway company, not as a *tort feasor,* but in the exercise of a lawful right and for a lawful purpose. Whether possession is adverse depends upon the intention with which it is held.

To be adverse it must be hostile. *Pulaski Co.* v. *State*, 42 Ark., 118; *Jackson* v. *Porter*, Paine, C. C. U. S., 457. The evidence in this case fails to show adverse possession of the highway by the railroad company. The evidence does not support the verdict. The action was not barred.

It is not necessary to discuss the instructions given and refused by the circuit court. For the want of evidence to support the verdict of the jury the judgment is reversed and the cause remanded.